NEW JERSEY MISCELLANEOUS REPORTS. 493

Supreme Court—Central R. R. of N. J. v. U. S. Steel Prod. Co.

CENTRAL RAILROAD OF NEW JERSEY, PLAINTIFF, v.
UNITED STATES STEEL PRODUCTS COMPANY, DE-
FENDANT.

Argued February 23, 1923—Decided October 29, 1923.

**Negligence—Navigation, Responsibility of Pilot—Weight of
Evidence.**

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the rule, *Treacy & Milton.*

*Contra, William A. Barkalow* and *Charles E. Miller.*

PER CURIAM.

This is defendant's rule to show cause why a verdict in
favor of the plaintiff should not be set aside.

A steamship owned by the defendant collided with plaint-
iff's drawbridge, and this suit was brought to recover damages
therefor.

It is sought to set aside the verdict on the ground that it
is contrary to the weight of the evidence and contrary to the
charge of the court, and that under the evidence the verdict
should have been for the defendant.

The vessel at the time of the collision was in charge of a
pilot and it seems to be agreed that for the purposes of this
case we are to assume that the court properly charged that
if the collision was the result of the negligence of the pilot
the defendant is not liable.

The contention of the defendant is that the evidence by its
great weight showed that the collision was the result of the
negligence of the pilot, and hence that the judgment should
be set aside.

We do not take the view that by the weight of the evidence the collision was the result of the negligence of the pilot. We think that it was fairly open to the jury to find that the accident was caused by the failure of the ship's rudder to function properly, either because it was out of order, or because the quartermaster at the wheel failed to comply with the pilot's orders. The jury evidently so found, and we find no fault with such finding.

It seems very improbable that the pilot, in broad daylight, on a clear day, with no very troublesome wind or tide, should have failed to have given the order, which plainly should have been given, to have pointed his vessel so as to get into the proper position in deep water to make the draw. The pilot himself says that he gave the order to put the wheel hard to starboard when he was alongside of the black buoy. The testimony is very persuasive that the rudder did not move in response to such an order, if it was given This, seems to appear from the testimony of those in a position to observe, and also from what happened immediately before and following the collision.

We think that it was therefore a very natural thing for the jury to conclude that for some reason this order was not communicated by the usual instrumentalities to the rudder, and that this was due either to failure of the quartermaster to obey the pilot's order or to the fact that the steering gear was defective.

In short, we cannot say that this verdict is against the great weight of the evidence, nor that it was against the charge of the court.

The rule will be discharged.